**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

CYNTHIA A. WOLF,               )
                                       )
          Plaintiff,       )
v.                           )
                                       )   Case No. 16-CV-82-GKF-PJC
COVENTRY HEALTH AND LIFE   )
INSURANCE COMPANY,       )
                                       )
          Defendant.     )

## OPINION AND ORDER

Before the court is the Motion to Remand filed by plaintiff Cynthia A. Wolf ("Wolf"), [Dkt. #9]. Under 28 U.S.C. § 1446(b), notice of removal must be filed "within 30 days after the receipt by the defendant, by service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." If it may not be ascertained from the initial pleading that the case is removable, the 30-day period for filing a notice of removal begins "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). The notice triggering the 30-day removal period must be "clear and unequivocal," such that the defendant is able to "intelligently ascertain removability." *Akin v. Ashland Chem.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (quoting *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957)).

The resolution of the instant motion requires the court to determine when defendant Coventry Health and Life Insurance Company ("Coventry") had sufficient notice that the parties were of diverse citizenship. Coventry filed its Notice of Removal on February 10, 2016. [Dkt.

#2].  Accordingly, if Coventry was able to "intelligently ascertain removability" prior to January 11, 2016, its Notice of Removal would not have been timely filed.

Wolf argues her Petition provided adequate notice of removability because it stated she is a resident of Oklahoma.  Coventry argues that residency and citizenship are distinct, and that there was some evidence Wolf had traveled to Minnesota for medical care, making it less than "clear and unequivocal" that Wolf was an Oklahoma citizen.  Coventry argues it received notice of Wolf's citizenship in email correspondence with her counsel on January 15, 2016, making its Notice of Removal timely.

Coventry's argument is not persuasive.  The Petition stated Wolf's residency in Oklahoma and provided no basis for any suspicion that she might be a citizen of any other state.  Even if Coventry suspected Wolf might be a citizen of Minnesota based on her medical treatment there, there was no basis to suspect that Wolf was a citizen of Delaware, the only citizenship that would have prevented removal.  The court concludes the Petition provided Coventry with "clear and unequivocal" notice of removability.

Coventry also argues the 30-day period never started to run because Wolf never properly completed service of process.  As a foreign insurer, Coventry is required by Oklahoma statute to appoint the Oklahoma Insurance Commissioner as its agent to receive service of legal process.  *See* Okla. Stat. tit. 36, § 621.  The parties do not dispute that Wolf served process on the Oklahoma Insurance Commissioner on October 27, 2015.

Coventry recognizes that the Oklahoma Insurance Division ("OID") began attempting to forward Coventry the Summons and Petition on October 27, 2015.  [Dkt. #13, p. 2].  The OID made three attempts, using three different addresses.  Coventry claims the first was outdated, the second was inaccurate, and the addressee at the third was not designated by Coventry to receive

process.  All three attempts were made prior to January 11, 2016; the third attempt was made on December 3, 2015.  The individual to whom the OID forwarded process on December 3, 2015 accepted the delivery, as indicated on the certified mail receipt—also known as the "green card"— attached to Coventry's Notice of Removal.  [Dkt. #9, p. 9].  Coventry argues this acceptance did not satisfy the requirements for formal service because the individual who accepted service is not the individual Coventry designated to receive forwarded process from OID.

Coventry's argument is not persuasive.  The court notes that it is Coventry's burden to show that removal was proper, and thus Coventry's burden to demonstrate that it was not properly served.  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014).

Under § 621, the requirements of formal service of process apply to Wolf's service of the Summons and Petition on OID as Coventry's statutory agent.  Although § 621 requires Coventry to designate an individual to whom process "is to be forwarded," there is no requirement that OID forward the process to that individual alone or that OID's forwarding of the process comply with formal service requirements.  Once process has been formally served on a corporation's statutory agent, the 30-day period for removal is then triggered when the "defendant receive[s] a copy of the state court petition from the agent."  *See Rocky Branch Marina, LLC v. Northern Assur. Co. of Am.*, 2009 WL 997016, at *2 (N.D. Okla. Apr. 14, 2009).  Coventry received a copy of the Petition from the agent on December 3, 2015.  Based on the attorney correspondence attached to Coventry's Notice of Removal, it appears an individual at Coventry who is authorized to hire legal

counsel received a copy of the Summons and Petition on January 8, 2016.  [*See* Dkt. #2-4, p. 1]. Thus, the 30-day period for removal expired on Monday, January 4, 2016, and certainly no later than February 7, 2016, making Coventry's Notice of Removal—filed on February 10, 2016— untimely.

WHEREFORE, Wolf's Motion to Remand [Dkt. #9] is granted.  The Court Clerk is hereby directed to remand this action to the District Court of Tulsa County, Oklahoma.

IT IS SO ORDERED this 26th day of May, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT